UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-02530-SSS-DTBx | Date | February 6, 2025 |
| Title | *Gabriel Perez v. Dollar Tree Distribution, Inc., et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Gabriel Perez filed this employment discrimination lawsuit against Defendants Dollar Tree Distribution Co., Christina Cabrera, and Does 1–30 in San Bernardino on September 16, 2024, amended on October 2, 2024, and served for the first time on Defendants on October 31, 2024. [Dkt. 1-3, "Compl."; Dkt. 1-4 "FAC"]. On November 27, 2024, Dollar Tree timely removed the case to this Court, alleging diversity jurisdiction exists. [Dkt. 1, Notice of Removal at 2, 4–8]. Relevant here, Dollar Tree states Defendant Cabrera is a sham defendant for the purposes of removal.

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Where, as here, an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). In assessing the citizenship of the parties, "[a] federal court must disregard nominal or

formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  Thus, "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).  Nonetheless, because the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Further, a district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, Plaintiff's lawsuit contains both a California Plaintiff and Defendant.  Accordingly, Dollar Tree is **ORDERED TO SHOW CAUSE** in writing why this case should not be remanded to San Bernardino Superior Court for lack of subject matter jurisdiction.  Dollar Tree is also asked to explain whether the Court must resolve the jurisdictional issue, whether by dismissing Cabrera or otherwise, before ruling on its Motion to Compel Arbitration.  Dollar Tree's response is due **February 21, 2025.**  Perez may file a response, if any, by **February 28, 2025**.  Cabrera may file a response, if any, by **February 28, 2025.**  A hearing is set on this matter for **March 7, 2025, at 1:00 p.m., via Zoom**[1].

**IT IS SO ORDERED.**

---

[1] The Court refers the parties to Judge Sykes' website for details regarding hearings via Zoom: https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes.